NEWLAND, APPELLANT, *v.* ERIE INSURANCE COMPANY, APPELLEE.

[Cite as *Newland v. Erie Ins. Co.* (1993), 68 Ohio St.3d 98.]

(No. 93–788—Submitted November 10, 1993—Decided December 29, 1993.)

*Williams, Jilek, Lafferty & Gallagher Co., L.P.A.,* and *Robert M. Scott; Dwight D. Brannon & Associates* and *Dwight D. Brannon,* for appellant.

*Jenks, Surdyk & Cowdrey Co., L.P.A.,* and *Edward J. Dowd,* for appellee.

All issues in this case were decided by this court's recent case of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809: "Insurers may contractually preclude intrafamily stacking—the stacking of uninsured/underinsured limits of polices and coverages purchased by family members in the same household. * * *" *Savoie, supra,* paragraph two of syllabus.

Because this case involves the stacking of two insurance policies owned by two brothers, but the jurisdictional memoranda received by this court do not reveal whether the brothers lived in the same household, we remand the cause to the trial court to obtain the information from the parties which is necessary to properly apply the intrafamily/interfamily stacking test announced in *Savoie, supra,* and to apply *Savoie.*

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

WRIGHT, J., dissents.

MOYER, C.J., concurring separately. I concur separately in the judgment entry in the above-styled case. As my dissent in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, stated, I do not agree with the law announced in the majority decision. Nevertheless, it is the law on the issue in the above-styled case. As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

WRIGHT, J., dissenting. I must dissent in continuing protest to the majority's sundry holdings in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620

N.E.2d 809. As stated in the dissent in *Savoie*, that holding lacks sound reasoning, reverses ten years of established case law and flouts the will of the General Assembly. Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.